**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02262-CMA-KMT

JESSE LUNT, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

CYCLONE DRILLING, INC.,

      Defendant.

---

## ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

---

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit With Prejudice.  (Doc. # 24.) The parties request that the Court approve their settlement agreement, which resolves all of Plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Defendant Cyclone Drilling, Inc. ("Cyclone") is a drilling contractor in the oil and gas industry and operates rigs throughout the Rocky Mountain region.  (Doc. # 1 at 2-3.) Plaintiff Lunt and similarly situated class members were at all relevant times hourly employees of Cyclone, and regularly worked in excess of 40 hours per week.  In October of 2015, Plaintiff Lunt initiated this collective action suit, alleging Cyclone failed to pay certain hourly workers overtime as required by the FLSA.  (*Id*. at 1.)  Specifically, Plaintiff Lunt alleged Cyclone failed to include certain bonuses in the class members'

regular rate for the purpose of calculating overtime.  (*Id.*); *see also* 29 U.S.C. § 207(a) & (e) (overtime must be paid based on "all remuneration for employment").  Parties initiated settlement discussions in March 2016, and in May 2016, with the assistance of a professional mediator, reached a global resolution of this dispute.  (Doc. # 24 at 2-3.)  On July 22, 2016, Plaintiff Lunt filed the instant Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit With Prejudice.  (Doc. # 24.)

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982).  Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee."  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees.  *Lynn's Food Stores*, 679 F.2d at 1354.

## I.  <u>BONA FIDE DISPUTE</u>

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists.  *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1234 (M.D.Fla.2010).  To meet this obligation, the

parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 718 (E.D.La.2008). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.* at 719–20.

In the proposed settlement now before the Court, the parties provide a thorough description of the nature of the dispute, the employer's business and the type of work performed by the employees. *See* (Doc. # 24 at 1-4.) There is also a clear description of the employees' justification for the disputed wages and the employer's reasons for disputing the employees' right to overtime compensation. Specifically, Plaintiff alleges that class members "received certain non-discretionary bonuses . . . that Cyclone excluded from the relevant overtime calculations." (*Id*. at 9.) Cyclone contends that "most, if not all, of the contested bonuses were discretionary in nature and therefore excludable from the Class Members' regular rates." (*Id*.) The parties also dispute whether all class members are similarly situated. (*Id*.) The parties further disagree as to whether Plaintiff can satisfy his burden of demonstrating that Cyclone acted willfully, which affects whether the class members can recover compensation for two or three years. (*Id*.); *see also* 29 U.S.C. § 255. Finally, Plaintiff maintains that Cyclone would be unable to meet its burden of proving that it acted in good faith, which implicates the

recoverable amount of liquidated damages.  (Doc. # 24 at 9); *see* also 29 U.S.C. § 260.

Accordingly, the Court finds that a bona fide dispute exists.

## II. FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate

compensation to the employees and must not frustrate the FLSA policy rationales.

*Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649-PAB-CBS, 2014 WL 700096,

at *2 (D. Colo. Feb. 24, 2014).  When determining whether a settlement is fair and

reasonable, courts weigh a number of factors, including: (1) the extent of discovery that

has taken place; (2) the stage of the proceedings, including the complexity, expense

and likely duration of the litigation; (3) the absence of fraud or collusion in the

settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the

probability of plaintiffs' success on the merits and (6) the amount of the settlement in

relation to the potential recovery.  *Hargrove v. Ryla Teleservices, Inc.*, Case No.

2:11CV344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) (citation omitted).  There

is a strong presumption in favor of finding a settlement fair.  *Id*.

The parties in this suit enjoy representation from experienced counsel who have

been prosecuting and/or defending FLSA actions for many years, and this Court

attributes significant weight to their professional judgment that this agreement

represents a fair and reasonable settlement of this dispute.  Further, it is apparent from

the record that this settlement is a product of arms-length and hard fought negotiations,

which were guided by a professional mediator.  There is no indication of fraud or

collusion.  Most importantly, the settlement delivers fair value to the class members,

4

who will receive significant back wages and penalty damages under federal and state

law without the risk, expense, or heartache that come with protracted litigation. Based

on the foregoing, the Court finds that the settlement is a fair and reasonable resolution

of this dispute that delivers adequate value to affected employees and furthers the

underlying policy rationales of the FLSA.

### III. ATTORNEYS' FEES

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee ...

and costs of the action." 29 U.S .C. § 216(b); *see, e.g.* Gray v. Phillips Petrol. Co., 971

F.2d 591, 593 (10th Cir.1992). Though the fee is mandatory, the Court has discretion to

determine the amount and reasonableness of the fee. *Wright v. U–Let–Us Skycap*

*Serv., Inc.*, 648 F.Supp. 1216, 1218 (D.Colo.1986). In common fund cases, it is

standard to use a percentage method when calculating attorneys' fees. *See Gottlieb v.*

*Barry*, 43 F.3d 474, 482–83 (10th Cir.1994); *Barr v. Qwest Communications Co., LLC*,

Case No. 01–cv–00748–WYD–KLM, 2013 WL 141565, *3–4 (D.Colo. Jan. 11, 2013).

Foremost for this Court, regardless of the method used to calculate fees, is that the fees

awarded must be reasonable. *Id*. at 482 (citing *Uselton v. Commercial Lovelace Motor*

*Freight, Inc.*, 9 F.3d 849, 853 (10th Cir.1993) (implying a preference for the percentage

of the fund method.) Whichever method is used, the Court must consider the twelve

factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19

(5th Cir.1974) in determining the reasonableness of a fee award, including: (1) the time

and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to

perform the legal service properly; (4) the preclusion of employment by the attorney due

to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. "[R]arely are all of the Johnson factors applicable." *Uselton*, 9 F.3d at 854.

This Court adopts the percentage-of-the-fund approach, and finds that, taking into consideration the *Johnson* factors, the agreed upon fee and expense request is reasonable as a matter of law. The settlement agreement provides an award for attorneys' fees and expenses that is 35% of the gross settlement amount, and Cyclone does not oppose such an award. This is well within the normal range for a contingent fee award. *See Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.*, Case No. 09–cv–01543–REB–KMT, 2010 WL 5387559, at *5–6 (D.Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class.") (citing, inter alia, *Vaszlavik v. Storage Technology Corp.*, Case No. 95–B–2525, 2000 WL 1268824, *4 (D.Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%–50% range and is presumptively reasonable").); *Cimarron Pipeline Construction, Inc. v. National Council on Compensation*, Case Nos. CIV 89–822–T, CIV 89–1186–T, 1993 WL 355466, at *2 (W.D.Okla. June 8, 1993) (noting that "[f]ees in the range of 30–40% of any amount recovered are common in

complex and other cases taken on a contingent fee basis," and finding that "attorneys' fees of 33 1/3% of the common fund created by the efforts of counsel for the Class are in line with comparable other cases, [and] consistent with prevailing case law of this circuit"). Accordingly, the award of attorneys' fees and expenses as set forth in the Settlement Agreement is approved.

In consideration of the foregoing, it is ORDERED:

1. Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit With Prejudice (Doc. # 24) is GRANTED. The settlement is approved, including all terms set forth in the Settlement Agreement. (Doc. #24-1.)

2. The parties are directed to implement and complete the notice and claims process as set forth in the Settlement Agreement.

3. The lawsuit and all claims of Plaintiff and class members are DISMISSED WITH PREJUDICE.

DATED: August 26, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge